

December 15, 2003

The Honorable Charles A. Rosenthal, Jr.      Opinion No. GA-0131
Harris County District Attorney
1201 Franklin Street, Suite 600              Re: Whether a juvenile court may detain a child
Houston, Texas 77002                         under section 53.02 or 54.01, Family Code, before
                                             adjudicating and disposing of a charge of delinquent
                                             conduct, such as contempt of a justice court order
                                             (RQ-0072-GA)

Dear Mr. Rosenthal:

You ask generally whether a juvenile court may detain a child under section 53.02 or 54.01 of the Family Code before adjudicating and disposing of a charge of delinquent conduct, such as contempt of a justice court order.[1] *See* TEX. FAM. CODE ANN. §§ 51.03(a), 53.02, 54.01 (Vernon 2002 & Supp. 2004). You are specifically concerned that Attorney General Opinion JC-0454 erroneously construes sections 53.02(b) and 54.01(e) of the Family Code, concerning juvenile detention, with respect to detaining children charged with violating a justice court order. *See id.* §§ 53.02(b), 54.01(e) (Vernon 2002 & Supp. 2004); Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6; Brief attached to Request Letter, *supra* note 1, at 3; *see also* Probation Commission Letter, *supra* note 1, at 1.

The statutes you cite are spread throughout the Juvenile Justice Code (the "Code"), chapters 51 through 61 of the Family Code. *See* TEX. FAM. CODE ANN. tit. 3, chs. 51-60 (Vernon 2002 & Supp. 2004); *id.* ch. 61 (Vernon Supp. 2004) ("Rights and Responsibilities of Parents and Other Eligible Persons"). Section 51.03(a)(2) defines the term "delinquent conduct" to include "conduct that violates a lawful order of a court under circumstances that would constitute contempt of that court in: . . . (A) a justice . . . court." *Id.* § 51.03(a)(2)(A) (Vernon Supp. 2004).

A law-enforcement officer may take custody of a child who has allegedly violated a penal law or ordinance, engaged in delinquent conduct, or engaged in conduct indicating a need for supervision. *See id.* § 52.01(a). After taking the child to a juvenile processing office, the officer may

---

[1]*See* Letter from Honorable Charles A. Rosenthal, Jr., Harris County District Attorney, to Honorable Greg Abbott, Texas Attorney General (June 24, 2003) (on file with the Opinion Committee) [hereinafter Request Letter]; Brief attached to Request Letter, *supra*, at 1-2; *see also* Letter from John Gonzales, Attorney, Texas Juvenile Probation Commission, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 1-2 (Aug. 20, 2003) (on file with the Opinion Committee) (discussing Opinion JC-0454) [hereinafter Probation Commission Letter].

release the child to a parent or guardian; bring the child to a detention or medical facility; or dispose of the case in accordance with section 52.03, Family Code. *Id.* § 52.02(a); *see also id.* § 52.025 (Vernon 2002) (providing for and restricting the use of a juvenile processing office). If the child's case is referred to a juvenile court, or if the child is brought to a secure detention facility, the child typically is released until later proceedings unless a preliminary investigation indicates that section 53.02(b) authorizes detaining the child. *Id.* § 53.02(a) (Vernon 2002); *see infra* (listing factors warranting detention under sections 53.02 and 54.01). If a child is detained, the court promptly must hold a detention hearing and release the child unless the court finds that continued detention is warranted under section 54.01(e). *See* TEX. FAM. CODE ANN. § 54.01(a) (Vernon Supp. 2004); *see infra* (listing factors warranting detention under sections 53.02 and 54.01). A juvenile court determines the truth or falsity of the allegations against a child at a subsequent, separate adjudication hearing. *See* TEX. FAM. CODE ANN. § 54.03(a) (Vernon Supp. 2004).

Sections 53.02(b) and 54.01(e) both authorize a juvenile court to order a child's detention before adjudication if one of five circumstances is present:

> (1) the child is likely to abscond or be removed from the jurisdiction of the court;
>
> (2) suitable supervision, care, or protection for the child is not being provided by a parent, guardian, custodian, or other person;
>
> (3) the child has no parent, guardian, custodian, or other person able to return the child to the court when required;
>
> (4) the child may be dangerous to himself or herself or the child may threaten the safety of the public if released;
>
> (5) the child has previously been found to be a delinquent child or has previously been convicted of a penal offense punishable by a term in jail or prison and is likely to commit an offense if released;
>
> . . . .

*Id.* § 53.02(b) (Vernon 2002); *see id.* § 54.01(e) (Vernon Supp. 2004). In addition, section 53.02(b) authorizes a juvenile court, before a detention hearing, to order a child detained if the child is alleged to have engaged in delinquent conduct involving possession of a firearm. *See id.* § 53.02(b), (f) (Vernon 2002).

While a county's juvenile court generally has exclusive original jurisdiction over proceedings involving a child's alleged delinquent conduct or conduct indicating a need for supervision, juvenile and justice courts have concurrent jurisdiction over truancy cases in counties with populations of less than 100,000. *Id.* § 51.04(a), (h); *see also* TEX. EDUC. CODE ANN. § 25.094(a)-(c) (Vernon Supp.

2004) (creating an offense for failure to attend school); TEX. FAM. CODE ANN. § 54.021 (Vernon Supp. 2004) (permitting juvenile court to waive its exclusive jurisdiction in a truancy case). A justice court also may have jurisdiction over certain traffic offense proceedings involving juveniles. *See* TEX. FAM. CODE ANN. § 51.03(a)-(g) (Vernon Supp. 2004) (defining the phrases "delinquent conduct" and "conduct indicating a need for supervision" to exclude traffic offenses); TEX. CODE CRIM. PROC. ANN. art. 4.11(a) (Vernon Supp. 2004) (outlining justice courts' original jurisdiction).

If a child whose case is before a justice court is accused of violating a court order under circumstances that would constitute contempt of court, article 45.050 of the Code of Criminal Procedure forbids a justice court to order the child confined. *See* TEX. CODE CRIM. PROC. ANN. art. 45.050(b)(2) (Vernon Supp. 2004). Instead, the justice court may, "after providing notice and an opportunity to be heard,"

> (1) refer the child to the appropriate juvenile court for delinquent conduct for contempt of the justice . . . court order;[2] or
>
> (2) retain jurisdiction of the case, hold the child in contempt of the justice . . . court, and order either or both of the following:
>
>> (A) that the contemnor pay a fine not to exceed $500; or
>>
>> (B) that the Department of Public Safety suspend the contemnor's driver's license or permit or, if the contemnor does not have a license or permit, to deny the issuance of a license or permit to the contemnor until the contemnor fully complies with the orders of the court.

*Id.* art. 45.050(c) (footnote added); *see id.* art. 45.058(h) (defining the term "child" for purposes of article 45.050); *id.* art. 45.050(a).

In Attorney General Opinion JC-0454 this office concluded, among other things, that article 45.050 expressly prohibits a justice court from ordering a child confined "for contempt of a justice

---

[2]Under article 45.058 of the Code of Criminal Procedure, a child whom the justice court has referred to a juvenile court for contempt of a justice court order may be detained if the justice court has jurisdiction of the case under article 4.11 of the Code of Criminal Procedure unless the child is charged with public intoxication. *See* TEX. CODE CRIM. PROC. ANN. art. 45.058(f)(2) (Vernon Supp. 2004) (providing that "[a] child taken into custody for an offense that a justice . . . court has jurisdiction of . . . , other than public intoxication, may be presented or detained in a detention facility designated by the juvenile court under [s]ection 52.02(a)(3), Family Code, only if: . . . the child is referred to the juvenile court by a justice . . . court for contempt of court"); *see also id.* art. 4.11(a) (providing justices of the peace with jurisdiction in criminal cases punishable in fine-only cases and in other cases that are not punishable by imprisonment).

court order."[3] Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6; *see* TEX. CODE CRIM. PROC. ANN. art. 45.050 (Vernon Supp. 2004). Rather, article 45.050 limits a justice court "to referring the case to a juvenile court, holding the child in contempt and imposing a fine not to exceed $500, or ordering the Department of Public Safety to suspend the child's driver's license." Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6.

Although the language of article 45.050 was sufficient to reach the conclusion that a justice court is forbidden to order detention for a child who allegedly has violated a justice court order, the opinion also suggested that sections 53.02 and 54.01 of the Family Code are probative:

> Moreover, section 53.02 of the Family Code specifies the reasons for which a child may be detained prior to a detention hearing and contempt is not one of them. TEX. FAM. CODE ANN. § 53.02 (Vernon Supp. 2002). Section 54.01 of the Family Code sets forth the reasons that a child may be detained at a detention hearing, and, again, contempt is not one of them. *Id.* § 54.01. In fact, only after a child has been adjudicated by a juvenile court as engaging in delinquent conduct for violating a court order and is held to be in contempt[] may the child be confined if the court so orders at the later disposition hearing. *Id.* §§ 51.03(a)(2) (defining delinquent conduct to include "conduct that violates a lawful order of a municipal court or justice court under circumstances that would constitute contempt of that court"); 54.03 (adjudication hearing); 54.04 (disposition hearing).

Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6.

You agree with the opinion's conclusion, but you believe that these three sentences discussing sections 53.02 and 54.01 inaccurately suggest that unless "a particular type of delinquent conduct [is] expressly listed in section 53.02 or 54.01, . . . pre-disposition detention for that conduct is not authorized." Brief attached to Request Letter, *supra* note 1, at 2; *see* Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6. You are similarly concerned about the broader implication that, regardless of the conduct charged, a juvenile court may not order the detention of a child prior to an adjudication hearing unless the conduct is expressly listed in section 53.02 or 54.01. *See* Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6; Brief attached to Request Letter, *supra* note 1, at 3. Accordingly, while you believe that "the opinion [is] largely correct," these "inaccuracies . . . unnecessarily limit" a juvenile court's "authority . . . to use all . . . resources" available under Texas law, and you ask us to clarify a juvenile court's authority in this regard. Brief attached to Request Letter, *supra* note 1, at 1.

---

[3]Opinion JC-0454 considered article 45.050 of the Code of Criminal Procedure in conjunction with section 54.023 of the Family Code, which was repealed in the most recent regular session of the legislature. *See* Tex. Att'y Gen. Op. No. JC-0454 (2002) at 3-6; Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 21, 2001 Tex. Gen. Laws 3142, 3149-50, *repealed by* Act of May 30, 2003, 78th Leg., R.S., ch. 283, § 61(1), 2003 Tex. Gen. Laws 1221, 1245 (repealing section 54.023, Family Code). Section 54.023 largely duplicated article 45.050, and its repeal does not affect Attorney General Opinion JC-0454's conclusions.

To the extent Opinion JC-0454 suggests that a juvenile court may not, prior to an adjudication hearing in accordance with section 53.02 or 54.01 of the Family Code, order the detention of a child who is charged with violating a justice court order, it requires clarification. The opinion relies upon the fact that contempt is not among the factors listed in section 53.02 or 54.01, the presence of any one of which warrants detaining a child. *See* Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6; *see also* TEX. FAM. CODE ANN. §§ 53.02(b), 54.01(e) (Vernon 2002 & Supp. 2004). But neither section 53.02 nor 54.01 list the types of conduct defined as "delinquent conduct" or "conduct in need of supervision" as factors warranting detention. *Compare* TEX. FAM. CODE ANN. § 51.03(a)-(b) (Vernon Supp. 2004), *with id.* §§ 53.02(b), 54.01(e) (Vernon 2002 & Supp. 2004). Rather, as you correctly indicate, a juvenile court may order the detention of any child who is taken into custody "if the additional requirements of section 53.02 or 54.01 are met," regardless of the type of delinquent conduct with which the child is charged. Brief attached to Request Letter, *supra* note 1, at 2. Thus, any type of delinquent conduct might form a basis for detention if a circumstance listed in section 53.02 or 54.01 is present.

To directly answer the first issue you raise, we conclude that a juvenile court may order the detention of a child who has been taken into custody for any type of delinquent conduct if a factor listed in section 53.02 or 54.01 is present. *See* TEX. FAM. CODE ANN. §§ 51.03(a), 53.02, 54.01 (Vernon 2002 & Supp. 2004). Accordingly, a child who is charged with contempt of a justice court order may be detained prior to adjudication by the juvenile court if detention is warranted under section 53.02 or 54.01.

You are also concerned that Opinion JC-0454 incorrectly suggests that a juvenile court may order that a child adjudged in contempt of court be detained in a secure post-adjudicative facility. *See id.* § 54.04(o)(3) (Vernon Supp. 2004); Tex. Att'y Gen. Op. No. JC-0454 (2002) at 6; Brief attached to Request Letter, *supra* note 1, at 2-3; *see also* Probation Commission Letter, *supra* note 1, at 3. Section 54.04(o)(3) of the Family Code expressly prohibits a juvenile court from placing a child adjudicated for contempt of a justice court order "in a post-adjudication secure correctional facility or committed to the Texas Youth Commission for that conduct." TEX. FAM. CODE ANN. § 54.04(o)(3) (Vernon Supp. 2004). Consequently, a juvenile court may not order a child adjudicated for contempt of a justice court order to be placed in a secure correctional facility. To the extent Opinion JC-0454 suggests to the contrary, it is clarified.

As clarified here, we affirm Attorney General Opinion JC-0454 (2002).

## S U M M A R Y

Regardless of the type of delinquent conduct with which a child is charged, the child may be detained by a juvenile court before an adjudication hearing if a factor listed in section 53.02 or 54.01 of the Family Code is present. Accordingly, a child who is charged with contempt of a justice court order may be detained by a juvenile court if detention is warranted under section 53.02 or 54.01. A juvenile court may not order a child adjudicated for contempt of a justice court order to be placed in a secure correctional facility.

To the extent Attorney General Opinion JC-0454 (2002) suggests otherwise, it is clarified. Otherwise, it is affirmed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee